Filed 2/28/13  P. v. Ellison CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062412 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD238493) |
| TERRANCE ELLISON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Albert T. Harutunian III, Judge.  Affirmed.

A jury convicted Terrance Ellison of cocaine possession for sale (Health & Saf. Code, § 11351.5).  In a separate proceeding, Ellison admitted he had five prior drug offense convictions within the meaning of Health and Safety Code section 11370.2, subdivision (a) and had served three prior prison terms within the meaning of Penal Code section 667.5.  The trial court sentenced Ellison to 10 years in prison.

FACTS

Shortly after 9:00 p.m. on January 7, 2012, San Diego Police Officers Robert Howard and Scott Ellsworth contacted Ellison in the east alley of the 4300 block of Wilson Avenue. Ellison was standing in the area between the open driver's door and the interior of a parked Hyundai and had the keys to the car in his hand. On top of the vehicle was a "fix-a-flat" container, but the Hyundai did not have any flat tires. The officers, who were responding to a report of a fight, did not see Ellison attempt to hide anything or to leave the scene as the marked patrol car approached.

However, Officer Howard saw a compressed tan plastic grocery store bag inside the map pocket on the inside of the driver's door. The bag contained 20 individually wrapped bindles with off-white, rock-like material in each bindle. Police found another similar bindle at the bottom of the map pocket. Officer Ellsworth searched Ellison and found $267 in his pocket. The officers also found men's clothing on the front seat of the Hyundai; documents with Ellison's name and Ellison's computer also were in the vehicle.

The bindles contained 3.61 grams of cocaine base and had a street value of $481.

The Hyundai was registered to Shauntrece Morris, but three months earlier she had executed a release of liability form, which effectively transferred the vehicle to Ellison. The Department of Motor Vehicles did not receive the release form until March 16, 2012.

DISCUSSION

Appointed appellate counsel has filed a brief setting forth evidence in the superior court. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436. Pursuant to *Anders v. California* (1967) 386 U.S. 738, counsel refers to as possible, but not arguable, issues: (1) whether the trial court

2

erred by allowing testimony concerning ownership of the vehicle even though the court had ruled such evidence would not be admissible during a pretrial hearing; (2) whether there was sufficient evidence to convict Ellison of cocaine possession for sale; (3) whether the prosecutor improperly shifted the burden of proof during her rebuttal argument; (4) whether the court should have held a *Marsden* (*People v. Marsden* (1970) 2 Cal.3d 118) hearing after receiving Ellison's letter during the sentencing hearing; and (5) whether the court sentenced Ellison under the appropriate statute.

We granted Ellison permission to file a brief on his own behalf. He has responded.

Ellison contends he received ineffective assistance of counsel because trial counsel did not (1) research whether evidence of a defendant's prearrest lack of reaction is admissible, and (2) present the testimony of witnesses favorable to the defense.

Under both the Sixth Amendment to the federal Constitution and article I, section 15 of the California Constitution, a criminal defendant has the right to the effective assistance of counsel. (*People v. Ledesma* (1987) 43 Cal.3d 171, 215.) To prevail on an ineffective assistance of counsel claim, a defendant must show counsel's performance fell below an objective standard of reasonableness, and there is a reasonable probability the result of the trial would have been different had counsel's errors not occurred. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 694.) "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the fact[]finder would have had a reasonable doubt respecting guilt." (*Id*. at p. 695.) "A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Id*. at p. 694.)

3

In reviewing trial counsel's performance, our scrutiny must be "highly deferential." (*Strickland v. Washington*, *supra*, 466 U.S. at p. 689.) We must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " (*Ibid*.)

Ellison's claim that his trial counsel did not research the law refers to a discussion between the court, defense counsel and the prosecutor about whether evidence of Ellison's prearrest reaction to the police discovery of the cocaine base was admissible. The court asked if counsel had authority addressing the issue. Neither counsel provided the court with such authority, and the court ruled the evidence would be admissible. During the redirect examination of Officer Howard, the prosecutor asked: "When you saw the baggie, what, if anything, did [Ellison] indicate to you by his words or actions?" Howard replied: "Nothing." Ellison has not shown how counsel's alleged failure to research this point of law "fell below an objective standard of reasonableness" "under prevailing professional norms." (*Strickland v. Washington*, *supra*, 466 U.S. at p. 688.)

Moreover, Ellison has not demonstrated prejudice. From Howard's response, the prosecutor argued that Ellison was not surprised by the discovery of the cocaine base because he knew the cocaine was in the car, which was one inference that could have been drawn. "Absent the now challenged inference the prosecutor raised in closing argument, the jury was still apprised" of ample evidence the cocaine base was found in a vehicle possessed by Ellison, who was selling drugs. (*People v. Gray* (2005) 37 Cal.4th 168, 209.) Ellison had the keys to the car, was storing his belongings in the car and everything else in the car was his. Ellison

4

also had $267 in his pocket, in denominations typically associated with drug sales. In light of this evidence of guilt, Ellison cannot show prejudice from the prosecutor's argument that his lack of reaction showed he was not surprised and therefore knew the cocaine was present. Because there was no prejudice, defense counsel's alleged failure to research the law on whether evidence of a defendant's prearrest lack of reaction was not constitutionally ineffective.

Ellison's other ineffective assistance claim is based on counsel's failure to call Christina Hall and Morris as witnesses. The decision to call witnesses is a matter of trial strategy and tactics. (*People v. Robles* (1970) 2 Cal.3d 205, 215.) Generally, counsel's decision to call particular witnesses is "precisely the type of choice which should not be subject to review by an appellate court." (*People v. Floyd* (1970) 1 Cal.3d 694, 709, disapproved on another point in *People v. Wheeler* (1978) 22 Cal.3d 258, 287, fn. 36.) To prevail on his claim, Ellison is required to make a showing that the testimony of the missing witnesses was material and necessary to the defense. (*People v. Hill* (1969) 70 Cal.2d 678, 690.) The court can also consider whether counsel took reasonable steps to procure the witness, and whether the witness would have been helpful to the defense. (*People v. Williams* (1980) 102 Cal.App.3d 1018, 1031-1032.)

The record indicates Hall wrote a letter to the trial court asking for leniency on behalf of Ellison at sentencing.[1] In the letter, Hall, who was then enrolled in a residential drug program, said her addiction prevented her from testifying at Ellison's trial. Hall further said if she had been able to testify, she would have related Ellison "was not in possession of the drugs. Nor

---

[1] Hall was also the subject of a prosecution in limine motion to allow the prosecution to introduce evidence of recent domestic violence between Hall and Ellison if she were to testify.

did he know they were in the car. I called the guy that brought them and ran inside when the police arrived. The police were called because we [were arguing] because I would not stop getting high that night. They [the officers] went in the car which [Ellison] was not near or driving at the time because he was at my car fixing my flat tire. So he took the blame for it. I stood there and let him. I was too high to tell. He was to[o] scared to be called a snitch."

The essence of Hall's testimony, as proffered in her postverdict letter, would be the officers were lying by placing Ellison next to the car containing the cocaine base despite all the indicia of his possession of the Hyundai, including having the keys to the car. We cannot fault counsel's decision not to call Hall as a witness, which appears to be a sound tactical choice. Counsel may have decided Hall's credibility as a witness was suspect. Hall could readily have been viewed as a biased witness whose testimony would not carry much weight with the jury. Counsel's tactical decision should not be subject to review by the court. (See *People v. Knight* (1987) 194 Cal.App.3d 337, 345 ["choice of which, and how many, potential witnesses to interview or call to trial is precisely the type of choice which should not be subject to review by an appellate court"].)

The record shows defense counsel had contemplated calling Morris, but decided not to after prosecution rested. Counsel could have reasonably believed that allowing Morris to testify might have weakened his argument that Ellison neither owned nor possessed the Hyundai, and the best tactical decision was to forego calling her as a witness.

In sum, Ellison has failed to show that his counsel's failure to call Hall and Morris constituted deficient performance, or that any such deficient performance was prejudicial.

6

Ellison also contends the prosecutor committed misconduct by eliciting inadmissible evidence, repeatedly referring to the Hyundai as Ellison's vehicle in her questioning of witnesses, and arguing to the jury that Ellison was not surprised by the police discovery of cocaine base in the car.

Prosecutorial misconduct "involves the use of deceptive or reprehensible methods to persuade the trial court or the jury." (*People v. Panah* (2005) 35 Cal.4th 395, 462.) There may be prosecutorial misconduct even in the absence of intentionality or bad faith. (*People v. Bradford* (1997) 15 Cal.4th 1229, 1333.) However, reversal for prosecutorial misconduct is not required unless defendant has been prejudiced thereby (*People v. Fierro* (1991) 1 Cal.4th 173, 209)—that is, if it is reasonably probable defendant would have obtained a more favorable result absent the misconduct. (Cal. Const., art. VI, § 13; *People v. Hill* (1998) 17 Cal.4th 800, 844; *People v. Watson* (1956) 46 Cal.2d 818, 836.)

In reviewing the portion of the record referenced by Ellison, we have not found inadmissible evidence elicited by the prosecutor. Therefore, no prosecutorial misconduct appears. The prosecutor's references to the Hyundai as Ellison's vehicle (i.e., "his vehicle") were largely innocuous. Also, the trial court specifically told the jury: "Do not assume to be true any insinuation suggested by a question. A question is not evidence . . . ." Again, we find no prosecutorial misconduct. We also find the prosecutor did not commit misconduct in her closing argument that Ellison was not surprised when the officers found the cocaine base. As we pointed out above, this was a reasonable inference to draw from Officer Howard's testimony that Ellison did not have a reaction when the cocaine base was discovered.

7

A review of the record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738 has disclosed no reasonably arguable appellate issues. Competent counsel has represented Ellison on this appeal.


DISPOSITION

The judgment is affirmed.


IRION, J.

WE CONCUR:


HALLER, Acting P. J.


McDONALD, J.